**Bradley JACK, Petitioner–Appellant,**

v.

**Michael RANDALL, Warden, Respondent–Appellee.**

No. 00–3903.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2001.

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

Pro se Ohio prisoner Bradley Jack appeals a district court judgment that dismissed his 28 U.S.C. § 2254 petition. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, an Ohio jury convicted Jack of aggravated burglary (with a firearm specification), corruption of a minor, and failure to appear. He is currently serving a sentence of 27–to–43 years of imprisonment. His conviction was affirmed on direct appeal, and the Ohio Supreme Court dismissed his appeal for failure to present a substantial constitutional question. Jack's pursuit of state post-conviction relief was not successful.

In September 1999, Jack filed the instant petition for § 2254 relief, claiming that: (1) he was denied his right to confront and cross-examine a court reporter who testified regarding the failure-to-appear charge; and (2) he should have received a sentence of less than 20 years of imprisonment due to the enactment of Ohio Senate Bill No. 2, enacted on July 1, 1996, and codified at Ohio Rev.Code Ann. § 5120 (Anderson 1997), which lessens the term for certain offenses.

The district court denied habeas relief but granted Jack a certificate of appealability as to the first enumerated issue. This court construed Jack's notice of appeal as a request for a certificate of appealability on the second enumerated issue pursuant to Fed. R.App. P. 22(b)(2). This court denied a certificate of appealability, but ordered that the case procede to briefing on the issue certified as appealable by the district court, namely: "whether the trial court denied Jack's constitutional right to confront and cross-examine a court reporter who testified regarding the failure to appear charge."

In habeas corpus actions, we review a district court's legal conclusions de novo and its factual findings for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). A district court's judgment will be affirmed unless the record reflects an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

---

* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting by designation.

The district court did not err. In his petition, Jack complained that he was not allowed to confront or cross-examine Kristine Furner, a court reporter who testified at trial regarding Jack's failure to appear at a March 11, 1996, status conference. The intermediate Ohio appeals court concluded that the trial court erred in allowing this testimony over Jack's objection. Nevertheless, applying *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), that court also concluded that the error was harmless beyond a reasonable doubt in the light of the weighty evidence that Jack was guilty of the failure-to-appear charge. *Ohio v. Jack*, 1998 WL 230033 (Ohio App. Apr.23, 1998) (unpublished).

Citing to a concurring opinion in *Brecht* by Justice Stevens, Jack now argues that an additional portion of the evidence supporting his guilt, which was presented by witness Cynthia Zimmerman, was also tainted and that the concurring opinion requires a plenary review of the entire record at this stage to determine whether Jack would have been convicted had all of the allegedly tainted evidence been excluded. Pursuant to § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a writ of habeas corpus may not be granted unless the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The writ may issue only if "the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389, (2000). The Supreme Court has clarified that "the phrase 'clearly established Federal law, as determined by [this] Court' refers to the holdings, as opposed to the dicta, of [Supreme Court] decisions as of the time of the relevant state-court decision." *Id.* Jack's lauding of the dicta in *Brecht* is unmoving. Because the state appellate court properly applied the harmless-error test of *Chapman* to Jack's claim on direct review, federal review is limited to the harmless-error standard of *Brecht*. As the Supreme Court noted in *Brecht*, "[o]verturning final and presumptively correct convictions on collateral review because the State cannot prove that an error is harmless under *Chapman* undermines the States' interest in finality and infringes upon their sovereignty over criminal matters." 507 U.S. at 637. The state court properly applied Supreme Court precedent, and additional "uncontroverted evidence" presented at trial—that Jack does not seek to challenge at this late stage—established that Jack absconded from Ohio to California well before the relevant scheduled appearance and did not return to Ohio until well afterward. Thus, in addition to conforming to clearly established federal law, Jack's conviction was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.